UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GASTON DIATTA, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>IGUANA NEW YORK LTD and GERALD SHALLO,<br><br>    Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**Collective Action and Class Action Complaint** |

Plaintiff GASTON DIATTA individually and on behalf of other similarly situated employees by and through his attorneys, SERRINS FISHER LLP, allege against Defendants IGUANA NEW YORK LTD ("Iguana" or the "Corporate Defendant"), and GERALD SHALLO ("Shallo" or the "Individual Defendant")(the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

<u>**JURISDICTION AND VENUE**</u>

1.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, Defendant Iguana is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 240 West 54th Street, New York, NY 10019.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Upon information and belief, Defendant Shallo resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9.      Upon information and belief, the Corporate Defendant is the owner of Iguana Restaurant & Dance Lounge ("Restaurant"), which is engaged in the business of serving food and drink to customers and is located at 240 West 54th Street, New York, NY 10019.

10.      The Restaurant is a Mexican restaurant.  Defendants employ cooks, food preparers, grillmen, fryers, dishwashers, waiters, busboys, and food runners in both the front and back of the house.

2

11.     Defendant Shallo is the principal and, upon information and belief, an officer of Iguana.

12.     Defendant Shallo possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

13.     In particular, Defendant Shallo hired and fired Plaintiff and set his schedule and rate of pay.

14.     Defendant Shallo approves the payroll practices for Iguana's employees, including Plaintiff.

15.     Defendant Shallo possesses operational control over Iguana and its employees through his financial control over the Iguana.

16.     Plaintiff has been employed by Defendants to work as a dishwasher, food preparer, and in other positions at the Restaurant within the last six (6) years.

17.     The Individual Defendant is engaged in business in the City of New York, County of New York. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

18.     Defendant Shallo exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

19.     Defendant Shallo, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20.     At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

21.  On September 23, 2013, the Honorable William H. Pauley entered an order approving a class settlement under the NYLL of employees working for Defendants (Aparicio v. Iguana, SDNY Case No. 11-cv-1830(WHP)("Aparacio Class Settlement").

22.  Despite this settlement, Defendants continue to engage in violations of the NYLL.

## NATURE OF THE ACTION

23.   Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who (i) did not join the Class Settlement and were employed by Defendants within three (3) years before the filing of the instant Complaint or (ii) worked for Defendants on or after September 24, 2013; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.* on behalf of himself and other similarly situated employees who (i) excluded themselves from the Class Settlement and worked on or after the date that is six (6) years before the filing of the instant Complaint or (ii) have worked for the Defendants on or after September 24, 2013, based upon the following acts and/or omissions which Defendants committed:

   i.   Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

   ii.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   iii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6;

    iv.  Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195; and

    v.  Defendants' failure to reimburse Plaintiff for the cost of purchasing required uniforms pursuant to 12 N.Y.C.R.R. 146-1.8.

24.    Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215, and the NYLL's retaliation provision, NYLL §215.

25.    Additionally, Plaintiff brings this action to challenge Defendants' practice of racial and national origin discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of New York State Human Rights Law, Executive Law § 296 *et seq.* ("NYSHRL"), New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL"), and 42 U.S.C. § 1981(a).

26.    Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

27.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.    Defendants' Wage and Hour Violations.

28.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

29.    Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State law.

30.     Defendants maintain a workforce of cooks, food preparers, grillmen, fryers, dishwashers, waiters, busboys, food runners, and other positions, all of whom are paid in violation of federal and New York State laws.

31.     Defendants have maintained a policy and practice of failing to compensate Plaintiff and other similarly situated employees for every hour they have worked at the statutory minimum wage.

32.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

33.     Defendants have maintained a policy and practice of denying Plaintiff and other similarly situated employees reimbursement for uniform purchases.

34.     Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and paystubs.

35.     Defendants have maintained a policy and practice of failing to pay Plaintiff and other similarly situated employees an extra hour of pay when they worked a span of hours that exceeded ten (10) hours in a single day.

### A. Plaintiff's Schedule and Pay.

36.     Plaintiff worked for Defendants as a dishwasher, food preparer and in other positions from approximately October 18, 2014 until June 12, 2015.

37.     Plaintiff worked 6 days a week and had Wednesdays off.

38.     On Monday, Thursday, Friday, Saturday, and Sunday, Plaintiff worked without a break from 9:00 a.m. to 9:00 p.m. or later.

39.     On Tuesday, Plaintiff worked without a break from 9:00 a.m. until 12:00 a.m. or 1:00 a.m. or even later.

40.     During this time period, Plaintiff regularly worked approximately 73 or more hours per week.

41.     For this work, Defendants paid Plaintiff between $500.00 and $540.00 per week.

### B. Wage Violations Affecting Plaintiff.

#### 1. Minimum Wage Violations

42.     As demonstrated above, Plaintiff regularly worked more than 40 hours per week but was never paid the minimum wage per hour.

#### 2. Overtime Violations

43.     Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him for his overtime work, either at his regular rate or at an overtime premium of 150% of his regular rate

#### 3. Failure to Pay Uniform Purchase Costs

44.     Defendants required Plaintiff to wear a specific type of pants when performing his work duties.

45.     Defendants required Plaintiff to purchase the uniform pants.

46.     Defendants failed to reimburse Plaintiff for the expenses he incurred in purchasing the uniform pants.

47.     Defendants failed to reimburse Plaintiff for the cost Plaintiff incurred in purchasing the uniforms as required by 12 N.Y.C.R.R. 146-1.8.

### 4.  Notice and Recordkeeping Violations

48.     Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

49.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

50.     Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

51.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 5.  Spread of Hours

52.     Defendants failed to provide Plaintiff with spread-of-hours payments in accordance with 12 NYCRR 146-1.6 for each day he worked ten or more hours.

### 6.  Defendants' Retaliation Against Plaintiff Because of His Complaints About Wages

53.     On and about June 12, 2015, Defendant Shallo advised Plaintiff of a shift change and that Plaintiff would begin work later each day and work less hours each week.

54.     Plaintiff expressed surprise at the sudden shift change.

55.     In response to the shift change, Plaintiff complained to Defendant Shallo that he had been paid an effective rate of less than $7 an hour for his work, which is below the minimum wage required under federal and New York State law, and was concerned that he would earn even less money if Defendants reduced his hours.

8

56.     In response to Plaintiff's complaint about being paid less than the minimum wage, Defendant Shallo summarily terminated Plaintiff's employment on the same date.

**C.      Discrimination and Hostile Work Environment Against Plaintiff Due to His National Origin and Race**

57.     Plaintiff is Black and his national origin is Senegalese.

58.     Defendants treated Plaintiff and other African employees worse than similarly situated Hispanic employees because of their race and national origin.

59.     Defendants paid Plaintiff and other African employees a lower rate of pay than similarly situated Hispanic employees because of their race and national origin.

60.     Defendants paid Hispanic employees an effective rate of $10 an hour for their work, while paying Plaintiff and similarly situated African employees less than an effective rate of $7 an hour.

61.     In addition, Defendants required African employees to perform more difficult and dangerous duties such as transporting heavy items up and down stairs at the Restaurant.

62.     Defendants did not request that Hispanic employees perform similar duties.

63.     This policy continued throughout Plaintiff's employment.

64.     Defendants engaged in this conduct purposely and with intent to harm Plaintiff and similarly situated employees.

**II.      Collective Action Allegations.**

65.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

9

66.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

67.     Plaintiff's Consent to Sue form is attached as **Exhibit 2.**

68.     Upon information and belief, there are at least 40 current and former cooks, food preparers, grillmen, fryers, dishwashers, waiters, busboys, food runners and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

69.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

70.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**III.     Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

71.     Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, food preparers, grillmen, fryers, dishwashers, waiters, busboys, food runners and in other similar positions on or

after September 24, 2013 or who excluded themselves from the Class Settlement and worked on or after the date that is six (6) years before the filing of the instant Complaint.

72.     In addition, Plaintiff brings this action collectively on behalf of himself and all other similarly situated individuals of African national origin who were subjected to unlawful discrimination on the basis of their national origin and race.

73.     Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

74.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

75.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

76.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

77.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

78.     Plaintiff brings the third, fourth, fifth, sixth and seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

79.     Plaintiff brings the tenth, eleventh, and twelfth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of 42 U.S.C. § 1981(a), NYSHRL and NYCHRL.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA against all Defendants)

80.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

82.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

83.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

84.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

86.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols,

routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

87.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

88.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

90.     Defendants' failure to pay the Plaintiff and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

91.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

92.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

94.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

95.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

96.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

98.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

99.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

100.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Uniform Violations against all Defendants)

101.    Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

102.    Pursuant to 12 N.Y.C.R.R. 146-1.7 and 1.8, Defendants were obligated to reimburse Plaintiff and other similarly situated employees for the expenses they incurred in purchasing uniforms and to pay Plaintiff and other similarly situated employees $9 a week for uniform maintenance.

103.    Defendants failed to reimburse Plaintiff and other similarly situated employees or pay them for maintaining their uniforms.

104.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawfully failing to compensate Plaintiff's uniform purchases in an amount

to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(NYLL Spread-of-Hours against all Defendants)**

105.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

106.    Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

107.    Although Plaintiff and other similarly situated employees worked more than 10 hours each day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

108.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(New York Labor Law Retaliation Against all Defendants)**

109.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

110. New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because" such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

111. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

112. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (FLSA Retaliation against all Defendants)

113. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

114. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

115. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

116.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## TENTH CLAIM FOR RELIEF
**(NYSHRL Violations for Race and National Origin Discrimination against all Defendants)**

117.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

118.    The NYSHRL makes it unlawful to use an individual's "race" or "national origin" as a basis to "discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

119.    By the acts and practices described above, Defendants discriminated against Plaintiff and similarly situated African employees in compensation or in terms, conditions or privileges of employment.

120.    Defendants knew their actions constituted unlawful discrimination. Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

121.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discrimination and unlawful harassment under NYSHRL.

## ELEVENTH CLAIM FOR RELIEF
**(NYCHRL Violations for Race Discrimination Against all Defendants)**

122.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

123.    The NYCHRL makes it unlawful to use a person's "race" or "national origin" as a basis to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

124.    By the acts and practices described above, Defendants discriminated against Plaintiff and similarly situated African employees in compensation or in terms, conditions or privileges of employment.

125.    Defendants knew their actions constituted unlawful discrimination.  Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

126.    Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination and unlawful harassment under the NYCHRL.

## TWELFTH CLAIM FOR RELIEF
### (Sec. 1981 Violations for Race Discrimination and Retaliation Against all Defendants)

127.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

128.    By the acts and practices described above, Defendants discriminated against Plaintiff in violation Sec. 1981(c).

129.    Sec. 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..." 42 U.S.C. § 1981(a).

130.    Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

131.    Defendants systematically, adversely, and purposefully created a discriminatorily hostile work environment against Plaintiff based on race.

132.    Defendants knew their actions constituted unlawful discrimination.  Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

133.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' harassing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: August 13, 2015
        New York, New York

Respectfully submitted,

Liane Fisher
Michael Taubenfeld
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    IGUANA NEW YORK LTD

PLEASE TAKE NOTICE that GASTON DIATTA, as an employee of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
      August 13, 2015

SERRINS FISHER LLP

        /s/

Michael Taubenfeld
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   GERALD SHALLO

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that GASTON DIATTA, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of IGUANA NEW YORK LTD, for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: New York, New York
            August 13, 2015

                               SERRINS FISHER LLP

                               _____/s/_____
                               Michael Taubenfeld
                               233 Broadway, Suite 2340
                               New York, New York 10279
                               Phone: (212) 571-0700
                               Facsimile: (212) 233-3801
                               *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who is employed by Iguana New York and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


GASTON DIATTA
NAME

SIGNATURE

06 / 26 / 2015
DATE