UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GASTON DIATTA, ABDOULAYE SALIF
DIOP, ISMAILA OUEDRAOGO, and
LAMINE SECK, individually and on behalf of
others similarly situated,

          Plaintiffs,

    -against-

IGUANA NEW YORK LTD and GERALD
SHALLO,

          Defendants.

Case No.: 15-cv-6399 (SN)

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this __th day of ~~February,~~ *March* 2017 by Plaintiffs GASTON DIATTA, ABDOULAYE SALIF DIOP, ISMAILA OUEDRAOGO, and LAMINE SECK ("Plaintiffs") and Defendants IGUANA NEW YORK LTD and GERALD SHALLO (collectively, "Defendants")(Plaintiffs and Defendants are the "Parties").

**WHEREAS** Plaintiffs commenced the within action (the "Action") asserting claims arising from and related to their employment by Defendants;

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS**, the parties entered into an agreement in principle at a settlement conference before Magistrate Judge Sarah Netburn on February 6, 2017;

1

**WHEREAS,** it is expressly understood that Plaintiffs and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation; and

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**:

   a. Defendants agree to pay $200,000 to Plaintiffs and Fisher Taubenfeld LLP in full resolution of Plaintiffs' claims ("Settlement Payments"). The payments shall be made in accordance with Exhibit 1. No later than five business days after the Court dismisses this Action, or March 8, 2017, whichever is later, Defendants agree to make the initial payment of $50,000. Subsequently, Defendants shall make five monthly payments totaling $150,000 ($30,000 per payment) on the eighth calendar day of each successive month.

   b. All payments to Plaintiffs shall be issued via two checks of equal gross amounts in that Plaintiff's name, one for wages for which an IRS Form W-2 shall be issued and required withholdings and deductions taken, and one for liquidated damages for which an IRS Form 1099 shall be issued. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

   c. All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New

2

York, NY 10007.

d. All Defendants shall be jointly and severally liable for the payments required in this Paragraph.

e. In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiffs' counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 6 of this Agreement. Defendants shall thereafter have ten (10) calendar days to cure the breach by paying the past due Settlement Payment. If Defendants cure the Breach within ten (10) calendar days, they shall make an additional payment of $150 to Plaintiffs' counsel. If Defendants fail to cure the Breach within ten (10) calendar of service of the Notice of Breach, Plaintiffs may make an application to the District Court of the Southern District of New York or any other court of competent jurisdiction for a judgment against all Defendants including all outstanding Settlement Payments, as well as costs, expenses and reasonable attorneys' fees incurred by Plaintiffs in enforcing this Agreement.

## 2. Release of Claims:

a.      Plaintiffs waive all claims against Defendants and release and forever discharge Defendants to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Plaintiffs, that Plaintiffs may have against Defendants as of the date of their execution of this Agreement including, but not limited to any claim arising under: federal, state or local law or ordinance; tort; employment contract (express or implied); public policy waivable by law; Title VII of the Civil Rights Act of 1964 as amended; Civil Rights Act of 1866 as amended; the Equal Pay Act as amended; the Fair Labor Standards Act ("FLSA"), the Uniform Services Employment and Re-employment Rights

3

Act ("USERRA") as amended; the Age Discrimination in Employment Act of 1967 ("ADEA") as amended; the Americans with Disabilities Act ("ADA") as amended; the Family And Medical Leave Act ("FMLA") as amended; the Employee Retirement Income Security Act ("ERISA") as amended; the Civil Rights Act of 1991 as amended; the Rehabilitation Act of 1973 as amended; the Older Workers Benefit Protection Act ("OWBPA") as amended; the Worker Adjustment and Retraining Notification Act ("WARN") as amended; the Occupational Safety and Health Act of 1970 ("OSHA") as amended; the New York State Human Rights Law as amended; New York City Human Rights Law as amended; New York Labor Act as amended; New York Equal Pay Law as amended; New York Civil Rights Law as amended; New York Rights of Persons With Disabilities Law as amended; New York Equal Rights Law as amended; New York Worker Adjustment and Retraining Notification Act as amended; any other discrimination law, if applicable; and all claims for invasion of privacy, defamation, intentional infliction of emotional distress, injury to reputation, pain and suffering, constructive and wrongful discharge, retaliation, wages, monetary or equitable relief, vacation pay, award(s), grant(s), or awards under any unvested and/or cancelled equity and/or incentive compensation plan or program, and separation and/or severance pay under any separation or severance pay plan maintained by Defendants, any other employee fringe benefits plans, medical plans, or attorneys' fees or any demand to seek discovery of any of the claims, rights or damages previously enumerated herein (collectively, the "Release of Claims"). This Agreement is not intended to, and does not, release rights or claims that may arise after the date of Plaintiffs' execution hereof including without limitation any rights or claims that Plaintiffs may have to secure enforcement of the terms and conditions of this Agreement. Plaintiffs further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

4

b.      Defendants agree to waive all claims against Plaintiffs, and release and forever discharge Plaintiffs, to the fullest extent permitted by law, from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Defendants, that Defendants may have against Plaintiffs from the beginning of the world until the date of Defendants' execution of this Agreement.

## 3.  Dismissal, No Future Lawsuits:

Plaintiffs shall cause their attorney to execute a Stipulation of and Order of Dismissal, attached as Exhibit A, dismissing the Action in its entirety, with prejudice.  Plaintiffs shall also submit this Agreement, along with any necessary, to obtain a finding from the Court that this Settlement is fair and reasonable.

## 4.  Integration Clause:

This Agreement constitutes the entire and only understanding and agreement among Plaintiffs and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

## 5.  Additional Clauses:

a.      This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

b.      This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto.  Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise

5

of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

      c.      This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

      d.      This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

      e.      Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

      f.      The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York to enforce the terms of this Agreement.

**6. Notices**:

Any notice under this Agreement shall be sent by email and first class mail. If to Defendants, such notice shall be sent to Annmarie Venuti, Esq., Annmarie P. Venuti PLLC, One Brush Hill Road, Suite 207, New Fairfield, CT 06812, email address: apvenuti@aol.com. If to Plaintiffs, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10279, email address: michael@fishertaubenfeld.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

7. **Counterparts**:

        This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

8. **Translation**:

        This Agreement has been orally translated into Wolof and French as necessary to assist the Plaintiffs' understanding of the Agreement.

        **THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT**

Dated: _____

By: _GASTON. T. DIATTA_
GASTON DIATTA

Dated: _____

By: _Abdoulaye Salif Diop_
ABDOULAYE SALIF DIOP

Dated: _____

By: _Ismaila Ouedraogo_
ISMAILA OUEDRAOGO

Dated: _____

By: _Lamine Seck_
LAMINE SECK


Dated: _____

IGUANA NEW YORK LTD

By _____
GERALD SHALLO, President

Dated: _____

By: _____
GERALD SHALLO

7

Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counter parts, each of which shall be deemed an original and which together shall constitute one and the same document.

8. **Translation**:

This Agreement has been orally translated into Wolof and French as necessary to assist the Plaintiffs' understanding of the Agreement.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT

Dated: _____     By:_____
                                         GASTON DIATTA

Dated: _____     By:_____
                                         ABDOULAYE SALIF DIOP

Dated: _____     By:_____
                                         ISMAILA OUEDRAOGO

Dated: _____     By:_____
                                         LAMINE SECK

                                         IGUANA NEW YORK LTD
Dated:_____     By_____
                                         GERALD SHALLO. President

Dated: _____     By:_____
                                         GERALD SHALLO

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GASTON DIATTA, ABDOULAYE SALIF
DIOP, ISMAILA OUEDRAOGO, and
LAMINE SECK, individually and on behalf of
others similarly situated,

                    Plaintiffs,

       -against-

IGUANA NEW YORK LTD and GERALD
SHALLO,

                    Defendants.

Case No.: 15-cv-6399 (SN)

**STIPULATION AND ORDER OF DISMISSAL**

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

IT IS FURTHER STIPULATED AND AGREED that the United State District Court, Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement.

IT IS FURTHER STIPULATED AND AGREED that the Settlement Agreement submitted to the Court on March 1, 2017 is fair and reasonable.

FISHER TAUBENFELD LLP

By: _____
      Michael Taubenfeld, Esq.
      225 Broadway, Suite 1700
      New York, New York 10007
      *Attorneys for Plaintiffs*

ANNMARIE P. VENUTI, PLLC

By: _____
      Annmarie Venuti, Esq.
      One Brush Hill Road, Suite 207
      New Fairfield, CT 06812
      *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Sarah Netburn, U.S.M.J.